ANDREWS v. WELLINGTON.

(Filed November 1, 1904).

COMPROMISE AND SETTLEMENT—*Contracts—Options.*

> As a part of the settlement of an action defendant's assignor agreed
> that if it or its assigns should pay to plaintiff's assignor the
> sum of $100 per annum, etc., the latter would accept such sum
> in full of all damages sustained to his premises by certain
> blasting operations. Under such agreement it was optional
> with the promisor to pay the amount specified or remain liable
> for damages, at its election, and hence no action was maintain-
> able to recover the amount so specified.

ACTION by J. H. Andrews against A. J. Wellington, heard
by *Judge C. M. Cooke,* at March Term, 1904, of the Superior
Court of ORANGE County. From a judgment for the plain-
tiff the defendant appealed.

*Winston & Bryant* and *Graham & Graham,* for the plain-
tiff.
*S. M. Gattis,* for the defendant.

MONTGOMERY, J. Mr. Graham, counsel of the plaintiff
(appellee), in his argument here stated that many years ago
the plaintiff's grantor M. D. Eaton, a retired naval officer,
desirous of passing his latter years in quiet selected a spot
near the ancient town of Hillsboro on the beautiful waters
of the Eno, and surrounded by a chain of heights assuming
the proportions almost of a mountain for his home. Within

a few years great changes occurred in his surroundings. The
Farmer's Alliance opened upon one side of him a factory
for the manufacture of goods for the agriculturists, a noisy
cotton mill was constructed on another side, and on a third
the Southern Stone Company, assignor of the defendant,
opened a quarry and commenced the blasting of rock with
dynamite, the charges of which when exploded made the
earth tremble and filled the premises of the retired officer
with debris and broken stone to his great personal danger and
the injury of his property. Filled with disappointment and
vexation he sold out his premises to the plaintiff and sought
more congenial surroundings. Before he departed, however,
he had attempted to bring the Southern Stone Company to
an accounting for the injuries it had caused his property by
an action in the Courts. The suit was compromised and set-
tled by an agreement in writing and signed by both parties.
The Southern Stone Company paid him in cash $300. The
agreement contained a further provision, which is the subject
of the present action, and the same is in the following words:
"And the said M. D. Eaton does further agree that if the
said Southern Stone Company or its assigns will pay to the
said M. D. Eaton the sum of $100 per annum while operating
its quarry, beginning with May 1, 1901, the said M. D. Eaton
will accept the said sum in full of all damages, and release
the said Southern Stone Company from any damage what-
ever that may occur to his land or premises in consequence
of the operations of said Southern Stone Company. But this
agreement shall not operate to release said Southern Stone
Company from liability for any injury to the person of said
M. D. Eaton which may hereafter occur if the same should
result from the negligence of said Southern Stone Company
and without proper warning given to the said Eaton by the
blowing of the whistle or by any other means by which he
may seek shelter and protection."

136——22

The plaintiff, who is the grantee of Eaton, brought this action against the defendant, who is the assignee of the Southern Stone Company, to recover as liquidated damages $100 per year under the contract between Eaton and the company. His Honor, upon the complaint and answer and the agreement aforesaid, gave judgment for $100 against the defendant due up to the first of May, 1903 (several annual payments having been theretofore made by the defendant under the agreement between Eaton and the company), and declared that the same was a lien on the land of the defendant. We are of the opinion that the plaintiff was not entitled to the judgment in either form. Whether or not the Southern Stone Company under the agreement with Eaton would pay him $100 per year while operating its quarry was a matter entirely optional on its part. The language of that part of the agreement is "that *if* the said Southern Stone Company or its assignees will pay to the said Eaton the said sum of $100 per annum, etc., the said Eaton will accept the said sum in full of all damages," etc.

That company had its choice to pay the $100 as yearly damages or to decline to do so, and if injury occurred through blasting rock to Eaton's premises to abide the result of a suit in damages for such injury. The agreement was a mere personal promise and obligation of the Southern Stone Company, and the defendant, who is the assignee of that company, has made no contract or obligation with either Eaton or his grantee, the plaintiff, and is not in the least bound by the agreement and obligation of the Southern Stone Company.

Reversed.